UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN BUNDY**<br><br>               **Plaintiff,**<br><br>vs.<br><br>**JEFF SESSIONS, et al.**<br><br>               **Defendants.** | **Case No.:  1:18-CV-2520 (TNM)**<br><br>**The Honorable Trevor N. McFadden** |
| **RICK LOVELIEN, et al.,**<br><br>               **Plaintiffs,**<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA, et al.***<br><br>               **Defendants.** | **Case No.:  1:19-CV-0906 (TJK)**<br><br>**The Honorable Timothy J. Kelly** |

**NOTICE OF RELATED CASES**

Pursuant to Local Civil Rule 40.5(b)(3), the United States of America respectfully notifies the Court that *Lovelien v. United States*, No. 19-906 (D.D.C.), is related to an earlier-numbered case, *Bundy v. Sessions*, No. 18-2520 (D.D.C.). The cases are related because they "grow out of the same event or transaction" and "involve common issues of fact." LCvR 40.5(a)(3).

The complaints are nearly identical and raise nearly identical claims for excessive force, retaliation, and malicious prosecution. Both cases arise out of the same two events: (1) a standoff that occurred on April 12, 2014, between the Cliven Bundy family and their armed supporters and federal officers from the Bureau of Land Management (BLM); and (2) the subsequent prosecution of all three plaintiffs on charges relating to assaulting and threatening a federal law enforcement

---

* For security reasons, the caption of this filing does not contain the Individual Defendants' residential addresses.

officer. *See United States v. Bundy*, No. 16-cr-46 (D. Nev.). In fact, all three plaintiffs were subject to the same superceding indictment. *Id.* (ECF 27). Both cases name as defendants former Attorneys General Jefferson B. Sessions, III, Loretta E. Lynch, and Eric H. Holder; former Director of the Federal Bureau of Investigation (FBI) James B. Comey; and former BLM Director Neil Kornze – the *Lovelien* complaint also names the United States, the FBI, the BLM, and former Special Agent-in-Charge Dan Love.

Both cases also involve common issues of fact. Indeed, both complaints contain sections entitled, "Facts Pertaining to the Excessive Force and Illegal Seizure During the Standoff," "Facts Pertaining to the Whistleblower Report," and "Facts Pertaining to Prosecutorial Misconduct." *Compare Lovelien* Compl. (ECF 1, at 10, 11, 15) *with Bundy* Compl. (ECF 1, at 6, 9-10). Both complaints challenge whether BLM officers used excessive force during the standoff when they allegedly pointed their weapons at the Bundy supporters. *Compare Lovelien* Compl. (ECF 1 ¶ 53) ("The protesters had heavily equipped federal agents with sniper rifles and other guns pointed directly at them.") *with Bundy* Compl. (ECF 1 ¶ 37) ("The protestors had heavily equipped federal agents armed with sniper rifles and other firearms pointed directly at them."). And both complaints challenge whether the subsequent superceding indictment was supported by probable cause. *Compare Lovelien* Compl. (ECF 1 ¶ 53) ("Even before Plaintiffs Lovelien and Stewart were indicted, it was abundantly clear that there were no facts to support the litany of charges brought against them, particularly since they never threatened or harmed any federal agents before, during, or after the Standoff."); *with Bundy* Compl. (ECF 1 ¶ 48) ("Even before Ryan was indicted, it was abundantly clear that there were no facts to support the litany of charges brought against Ryan, particularly given that they [*sic*] had not harmed or threatened any federal agents before, during, or after the Standoff.").

Counsel have conferred. Plaintiffs object to this notice of related cases and plan to file a response. But Plaintiffs themselves repeatedly refer to their prosecutions as "related" to each other. *Lovelien* Compl. (ECF 1 ¶¶ 37, 41, 75, 128). Moreover, prior to filing this lawsuit, counsel for all three Plaintiffs represented to the District of Nevada that he would be filing this new lawsuit, and stated: "This Complaint will be assigned to the Honorable Trevor McFadden ("Judge McFadden") as related to another lawsuit filed on behalf of Ryan Bundy, *Bundy v. Sessions et al*, 1:18-cv-2520 (D.D.C.), *which* is currently before him." *See* Joint Status Report, *Lovelien v. United States*, No. 18-2110 (D. Nev.) (ECF 31) (attached as Exhibit 1).

For the foregoing reasons, the cases are related under Local Civil Rule 40.05(a)(3), and the later-filed case (*Lovelien*) should be transferred "to the Calendar and Case Management Committee for reassignment to the judge having the earlier case.," *i.e.*, to Judge McFadden. LCvR 40.5(c)(2). Respectfully submitted this 4th day of April 2019.

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch
Civil Division

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch
Civil Division

s/ Siegmund F. Fuchs
SIEGMUND F. FUCHS
(D.C. Bar # 986828)
Trial Attorney, Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
(202) 616-4322 (phone)
siegmund.f.fuchs@usdoj.gov

Attorneys for Defendants